**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRED MANCARI** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Jury Trial Requested**</u> |
| **NESTLE CHOCOLATE &** | ) | |
| **CONFECTION COMPANY d/b/a** | ) | FILED: MAY 16, 2008 |
| **NESTLE CONFECTIONS & SNACKS,** | ) | 08CV2848   NF |
| | ) | JUDGE LEINENWEBER |
| **Defendant.** | ) | MAGISTRATE JUDGE MASON |

## COMPLAINT

NOW COMES Plaintiff, FRED MANCARI, by and through his attorneys, LISA KANE &

ASSOCIATES, P.C., and complaining of Defendant, NESTLE CHOCOLATE & CONFECTION

COMPANY, INC. d/b/a NESTLE CONFECTIONS & SNACKS states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for violations of rights guaranteed to Plaintiff by the

Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 <u>et seq.</u>,

42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et</u>

<u>seq.</u>  Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory

employment practices.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C.

§ 621 <u>et seq.</u>, 42 U.S.C. §1981 and 42 U.S.C. § 2000e <u>et seq.</u>  Plaintiff seeks declaratory relief

pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3.　　Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4.　　Plaintiff, FRED MANCARI, is a forty-nine (49) year old Caucasian citizen of the United States citizen who resides in Illinois.

5.　　Defendant, NESTLE CHOCOLATE & CONFECTION COMPANY, INC. d/b/a NESTLE CONFECTIONS & SNACKS is a subsidiary of a California corporation, which has continuously, and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

## PROCEDURE

6.　　Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 28, 2008. The EEOC issued Plaintiff a Right to Sue on April 14, 2008, which was received on April 15, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COMMON ALLEGATIONS

7.　　Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.　　Plaintiff began working for Defendant or one of its predecessors in 1980 as a Transportation Rate Analyst and remained continuously employed with Defendant from February

1985 until his termination on January 4, 2008.

9.      Throughout the duration of his twenty-five (25) year tenure with Defendant, Plaintiff's performance met or exceeded Defendant's legitimate expectations, as exemplified by his twenty-five (25) merit-based raises, the longevity of Plaintiff's employment, Plaintiff's promotion from Warehouse Supervisor to Warehouse Manager in 1997, his ten (10) year tenure as a Warehouse Manager, and his history of strong performance evaluations.

## COUNT I - ADEA - AGE DISCRIMINATION

10.     Paragraphs one (1) through nine (9) are incorporated by reference as if fully set out herein.

11.     Beginning in 2005, Defendant began a campaign of conduct designed to rid Defendant's workplace of its older workers by repeatedly placing Defendant's older workers on Performance Improvement Plans which were impossible to fulfill in order to set the stage for their termination.  Victims of this campaign include but are not limited to:

a)      Gary Wingels, a fifty (50) year old Production Supervisor who was terminated in May 2005.

b)      Brian Gramberg, a fifty-four (54) or fifty-five (55) year old Maintenance Manager who was terminated in late 2005.

c)      Bonnie Zillman, a fifty-four (54) year old Quality Assurance Supervisor, who was terminated in early 2007.

d)      Armando Melendez, a Quality Assurance Supervisor and Plant Sanitarian in his early forties (40's) who was terminated in early 2007.

12.     In early February 2006, Defendant appointed Michael Nelson ("Plant Manager

Nelson"), an individual in his thirties (30's), to be a Plant Manager at the Franklin Park facility.

13.     Shortly after Nelson became Plant Manager, Wanda Schlafly ("Supervisor Schlafly"), who had been Plaintiff's immediate supervisor since February 1997, began to criticize Plaintiff's performance and issue him written reprimands for the first time.

14.     In February 2007, Defendant issued Plaintiff his first negative performance review during his entire tenure of employment with Defendant or its predecessors.

15.     Rather than placing Plaintiff on a Performance Improvement Plan immediately after his negative performance assessment, Defendant instead chose Plaintiff to fill an important vacancy as Core Superuser for SAP Implementation training.  This assignment was given to Plaintiff on nine (9) days notice, and required him to relocate to Glendale, California for eight (8) weeks.

16.     In the middle of this important assignment, Plant Manager Nelson forced Plaintiff to return to the Franklin Park facility in order to manage operational issues in the Franklin Park warehouse.

17.     On June 19, 2007, after Plaintiff's successful completion of the SAP Implementation core superuser training and over four (4) months after his 2006 performance review, Defendant placed Plaintiff on a performance improvement plan resulting from his 2006 performance evaluation.

18.     Soon after placing Plaintiff on the Performance Improvement Plan, Plant Manager Nelson informed Plaintiff that Defendant brought Nelson into its Franklin Park facility to improve the operation and to clean out some of the window dressing.

19.     On January 4, 2008, less than three (3) weeks after Plaintiff completed his performance improvement plan, Supervisor Schlafly called Plaintiff into her office.  When Plaintiff arrived, he was met by Supervisor Schlafly and Nancy Wrede, Defendant's Human Resources

4

Manager. In this meeting, Supervisor Schlafly told Plaintiff that he was terminated for the purported reason of not being an effective manager.

20.     On information and belief, Defendant replaced most of the older workers that it terminated in its campaign of conduct designed to rid Defendant's workplace of its older workers with substantially younger workers.

21.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination on the basis of Plaintiff's age, beginning at forty-seven (47) years old, in violation of the ADEA, as amended, 29 U.S.C. § 621 et seq.

22.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRED MANCARI prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully permit age discrimination to persist in the work place;

C.     Order Defendant to make whole FRED MANCARI by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.     Grant the Plaintiff any consequential, compensatory, liquidated, and any other

damages that the Court may deem appropriate;

      E.      Grant the Plaintiff his attorney's fees, costs, and disbursement; and

      F.      Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**COUNT II - TITLE VII-RACE DISCRIMINATION**

      23.      Paragraphs one (1) through nine (9) are incorporated by reference as if fully set out herein.

      24.      Beginning in 2005, Defendant began a campaign of conduct designed to rid Defendant's workplace of its non-African-American workers by repeatedly placing Defendant's non-African-American workers on Performance Improvement Plans which were impossible to fulfill in order to set the stage for their termination.  Victims of this campaign include, but are not limited to:

      a)      Gary Wingels, a Caucasian Production Supervisor who was terminated in May 2005.

      b)      Brian Gramberg, a Caucasian Maintenance Manager who was terminated in late 2005.

      c)      Bonnie Zillman, a Caucasian Quality Assurance Supervisor, who was terminated in early 2007.

      d)      Armando Melendez, a Hispanic Quality Assurance Supervisor and Plant Sanitarian who was terminated in early 2007.

      25.      In early February 2006, Defendant appointed Michael Nelson ("Plant Manager Nelson"), an African Manager, to be a Plant Manager at the Franklin Park facility.

      26.      Shortly after Nelson became Plant Manager, Supervisor Schlafly, who had been

6

Plaintiff's immediate supervisor since February 1997, began to criticize Plaintiff's performance and issue him written reprimands for the first time.

27.     In February 2007, Defendant issued Plaintiff his first negative performance review during his entire tenure of employment with Defendant or its predecessors.

28.     Rather than placing Plaintiff on a Performance Improvement Plan immediately after his negative performance assessment, Defendant instead chose Plaintiff to fill an important vacancy as the Core Superuser for SAP Implementation training.  This assignment was given to Plaintiff on nine (9) days notice, and required him to relocate to Glendale, California for eight (8) weeks.

29.     In the middle of this important assignment, African American Plant Manager Nelson forced Plaintiff to return to the Franklin Park facility in order to manage operational issues in the Franklin Park warehouse.

30.     On June 16, 2007, after Plaintiff's successful completion of the SAP Implementation core superuser training and over six (6) months after his 2006 performance review, Defendant placed Plaintiff on a performance improvement plan resulting from his 2006 performance evaluation.

31.     Soon after placing Plaintiff on the Performance Improvement Plan, African American Plant Manager Nelson informed Plaintiff that Defendant brought Nelson into its Franklin Park facility to improve the operation and to clean out some of the window dressing.

32.     On January 4, 2008, less than three (3) weeks after Plaintiff completed his performance improvement plan, Supervisor Schlafly called Plaintiff into her office.  When Plaintiff arrived, he was met by Supervisor Schlafly and Nancy Wrede, Defendant's Human Resources Manager.  In this meeting, Supervisor Schlafly told Plaintiff that he was terminated for the pretextual reason of not being an effective manager.

33.    On information and belief, soon after beginning its campaign of terminating non-African-American workers, Defendant began to hire an influx of African American workers in order to begin replacing its non-African-American workers.

34.    The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, Caucasian, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

35.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRED MANCARI, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of the Defendant to be a violation of rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole FRED MANCARI by providing the affirmative relief necessary to eradicate the efforts of the Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to FRED MANCARI;

E.    Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate.

F.      Grant the Plaintiff his attorneys' fees, costs, and disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III - 42 U.S.C. § 1981-RACE DISCRIMINATION

36.      Paragraphs one (1) through nine (9) and twenty-three (23) through thirty-five (35) are incorporated by reference as if fully set out herein.

37.      The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

38.      As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FRED MANCARI, Prays for judgment against Defendant and respectfully requests that this Court:

A.      Declare the conduct of the Defendant to be a violation of rights guaranteed to Plaintiff pursuant to appropriate federal law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of race;

C.      Order Defendant to make whole FRED MANCARI by providing the affirmative relief

9

necessary to eradicate the effects of Defendant's unlawful practices;

  D.  Order Defendant to pay lost, foregone, and future wages to FRED MANCARI;

  E.  Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

  F.  Grant the Plaintiff his attorneys' fees, costs, and disbursements; and

  G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## <u>JURY TRIAL DEMAND</u>

  39.  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

        Respectfully submitted,
        FRED MANCARI, Plaintiff,


        By:s/Lisa Kane
        Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
Attorney for Plaintiff
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

08CV2848 NF
JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON

1-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Fred Mancari**
8504 S. 78th Avenue
Bridgeview, IL 60455

CERTIFIED MAIL 7000 1670 0012 6742 7660

From: **Chicago District Office**
**500 West Madison St**
**Suite 2800**
**Chicago, IL 60661**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-04413 | Pamela Pribble, **Investigator Support Asst** | **(312) 886-7491** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**John P. Rowe,**
**District Director**

4-14-08
*(Date Mailed)*

cc:     **NESTLE CONFECTIONS & SNACKS**



RECEIVED
APR 15 2008

08CV2848    NF
JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON

## Verification

I, FRED MANCARI, declare under penalty of perjury that the foregoing is true and correct.

Executed April 24, 2008.

*Fred Mancari*

FRED MANCARI